DOUGLAS MACLEAN PRODUCTIONS, Plaintiff, v. ASSOCIATED EXHIBITORS, INC., Defendant.

City Court of New York, New York County, March 17, 1930.

*Seligsberg & Lewis* [*Donald Marks* of counsel], for the plaintiff.

*Grattan B. Shults,* for the defendant.

SCHIMMEL, J. Plaintiff, producer of motion pictures, and the defendant, distributor thereof, entered into an agreement by the terms of which the latter for its services was to receive " a sum equivalent to thirty-five per cent. (35%) of all gross amounts collected by it or by its distributing agency * * * as royalties on, or as proceeds of the sale, rental or other disposal of any right, license or privilege granted to any firm, * * * " and the former was to receive " a sum equivalent to the remaining sixty-five per cent. (65%) of said gross collections." Thereafter the defendant entered into agreements with two foreign concerns, as agents, for the sale of the right to use, distribute and lease seven photoplays of which the photoplay " Introduce Me," upon which the plaintiff bases its claim, is one. Each of the contracts made with these foreign concerns contained the following provisions:

" Upon the signing of this agreement, the Agent agrees to pay to the Principal (defendant herein), through its exclusive foreign agent mentioned herein, the sum of Five thousand ($5,000.00) Dollars in New York funds. The said Five Thousand ($5,000.00) Dollars is paid to the Principal as a guarantee of good faith on the part of the Agent herein, and as a further guarantee that it will faithfully perform all the terms and conditions on its part to be performed herein, and to faithfully make any accountings and payments due herein.

" That for any default whatsoever, irrespective of any other default clause set forth herein, on the part of the Agent, the Principal shall retain the said Five Thousand ($5,000.00) Dollars

as and for liquidated damages and not by way of penalty, as it is impossible to ascertain the exact amount of damages that would be accrued by the Principal by reason· of such breach. * * * In the event of the Agent faithfully performing all the terms and conditions herein contained and making all the accountings and payments due herein, then in that event, the Principal agrees to apply the said Five Thousand ($5,000.00) Dollars against the guarantees and payments due for the last pictures to be delivered herein."

Defendant concededly received $5,000 under each contract, and plaintiff seeks to recover its share of such payments. The theory of such recovery is predicated on the claim that these moneys constitute collections received by defendant from " royalties on, or as proceeds of the sale, rental or other disposal of any right, license," etc., of the films produced by the plaintiff. Defendant counters with the contention that the deposits received by it were not payments under the contract from the sale, rental and distribution of the films produced by the plaintiff, and furthermore that plaintiff's cause of action is premature, in that no right accrued to the plaintiff when suit was commenced. The proof at the trial consisted of the contracts hereinbefore mentioned and the admitted fact that defendant is no longer in business. The questions presenting themselves for determination are: Did the deposits under the contract represent gross collections received by defendant from the sale, rental or distribution of the films produced by plaintiff? Did the plaintiff commence the action prematurely? A consideration of the contracts impels the conclusion that the amount of the deposits received by the defendant was not a payment under the contract, but security received for the faithful performance of the terms of the contract by its agents, which security was to be retained by the defendant as liquidated damages in the event of a breach by the concerns mentioned; and, in the event the terms of the contract were faithfully performed, the deposit was to be credited against the guaranties and payments due for the last pictures.

Defendant's agreement with the plaintiff represented a source of revenue contingent upon the faithful performance of the contracts to be subsequently made by the defendant with its agents. To insure itself against a loss resulting from any default on the part of its agents, the defendant exacted the deposits hereinbefore referred to. When such deposits were received they formed no part of the proceeds arising out of the sale, rental or other disposal of any right, license or privilege in and to the films produced by the plaintiff. It could not be determined until some future date

what character the deposits would assume. If the agent defaulted, the deposit ripened into liquidated damages; if the agent performed the contract faithfully, it would be credited against the guaranties and payments due for the last pictures; and, if the defendant defaulted, the agent unquestionably would be entitled to its return.

A holding that these moneys did not represent a deposit to be retained as liquidated damages defeats the protective purpose for and the indubitable intention of the controversial provision in this contract, to which contract this plaintiff was not a party and for whose benefit it was not made.

In addition, it appears that the action is prematurely brought. Granting plaintiff's contention, the deposit only assumes its transitory character as part of collections either when there was a breach by the agent or when the deposit was to be applied against the guaranties and payments due for the last pictures. Plaintiff has failed to show the happening of either of these contingencies prior to the institution of this action.

Motion to dismiss plaintiff's complaint is granted, and verdict is directed in favor of the defendant. Settle order.